# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-40372
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 21, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANDRA IRIBHOGBE POPNEN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-253-6

———————————————————————

Before ELROD, *Chief Judge*, and SMITH and STEWART, *Circuit Judges*.

PER CURIAM:[*]

Sandra Iribhogbe Popnen appeals her within-Guidelines-range sentence for conspiracy to commit wire fraud and conspiracy to commit money laundering.

First, Popnen argues that the district court erred by attributing to her loss amounts from fraudulent unemployment-insurance claims that the

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

co-conspirators submitted to the State of California. When determining a loss amount, a district court must consider the defendant's relevant conduct, which includes "all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity." *United States v. Hammond*, 201 F.3d 346, 351 (5th Cir. 1999) (quoting U.S. Sent'g Guidelines Manual § 1B1.3(a)(1)(B) (U.S. Sent'g Comm'n 1998)). Based on the evidence in the presentence report and the testimony at sentencing, we conclude that the district court did not clearly err in attributing these loss amounts to Popnen. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999).

Popnen also contends that the loss amounts for many of the listed victims of a series of "online romance" schemes lacked evidentiary support in the PSR. The PSR stated that the loss amounts were based on a law-enforcement investigation and that law-enforcement agents calculated those amounts, so the PSR has sufficient indicia of reliability. *See United States v. Dickerson*, 909 F.3d 118, 128 (5th Cir. 2018). Because Popnen failed to address this issue in the district court, much less rebut the evidence of losses from the romance schemes, *see id.*, she has failed to show an error that is clear or obvious, *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

Next, Popnen challenges the district court's refusal to grant a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. However, because the denial of the § 3E1.1 reduction did not lack foundation, we conclude that the district court did not abuse its discretion. *See United States v. Lord*, 915 F.3d 1009, 1017 (5th Cir. 2019).

Finally, Popnen argues that her 325-month total sentence is substantively unreasonable because of the errors in the calculation of her Guidelines range and because it represents an unwarranted disparity with the sentences that her co-defendants received and with the sentences of others

No. 25-40372

convicted of similar offenses.  As described above, because there was no error in the calculation of Popnen's Guidelines range, her sentence is presumptively reasonable.  *See United States v. Vargas*, 21 F.4th 332, 337 (5th Cir. 2021).  Her disparity arguments fail to rebut that presumption.  *See id.*

AFFIRMED.